Al ZEINY, Pro Se, Plaintiff–Appellant,

v.

UNITED STATES of America; et al., Defendants–Appellees.

No. 14-15917

United States Court of Appeals, Ninth Circuit.

Submitted September 13, 2016 *

Filed September 19, 2016

Al Zeiny, pro se

Michael Thomas Pyle, Assistant U.S. Attorney, James A. Scharf, Assistant U.S. Attorney, DOJ—Office of the U.S. Attorney, San Jose, CA, for Defendant–Appellee United States of America

Michael Thomas Pyle, Assistant U.S. Attorney, DOJ—Office of the U.S. Attorney, San Jose, CA, for Defendants–Appellees Federal Bureau of Investigation, Central Intelligence Agency

Michael William Stebbins, Esquire, Attorney, Silicon Valley Law Group, San Jose, CA, for Defendant–Appellee Areva, Inc.

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

MEMORANDUM **

Al Zeiny appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

out of alleged efforts by the Central Intelligence Agency and its agents to harm Zeiny in various ways. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Zeiny's action because Zeiny failed to allege facts sufficient to state any plausible claim for relief. *See id.* at 341–42 (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing without leave to amend, because amendment would have been futile. *See Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied where amendment would be futile).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.